## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ELIZABETH HOLMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:22-cv-03117** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ULTA BEAUTY COSMETICS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Elizabeth Holman ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Ulta Beauty Cosmetics, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking redress for Defendant's failure to provide reasonable accommodations under the ADA, and also terminating Plaintiff's employment on the basis of her disability and in retaliation for her attempt to assert her rights under the ADA and IHRA when Plaintiff requested a reasonable accommodations.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.     This Court has pendent jurisdiction and supplementary jurisdiction of Count II and Count IV through 28 U.S.C. Sec. 1367.

## ADMINISTRATIVE PREREQUISITES

5.     All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*., have occurred or been complied with.

6.     A charge of employment discrimination on basis of disability discrimination and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR").

7.     Notification of the Right to Sue was received from EEOC on March 18, 2022. (Attached hereto as Exhibit "A").

8.     This Complaint has been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## PARTIES

9.     At all times material to the allegations of this Complaint, Plaintiff, Elizabeth Holman, resides in Grundy County in the State of Illinois.

10.     At all times material to the allegations in this Complaint, Defendant, Ulta Beauty Cosmetics, LLC, is a corporation doing business in and for Will County whose address is 1000 Remington Blvd., #120, Bolingbrook, IL 60440.

11.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

12.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry

affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

13.     Plaintiff began her employment with Defendant as a Services Compliance Lead On or around January 14, 2019.

14.     In or around March, 2021, Plaintiff informed Defendant's Human Resources representative, Ms. Mary Manconi ("Ms. Manconi"), she suffered from a qualified disability and requested a reasonable accommodation.

15.     In our around May, 2021, Plaintiff informed the Salon Compliance Manager, Ms. Victoria Anderson ("Ms. Anderson"), of her disability and request for a reasonable accommodation.  Plaintiff also informed Ms. Anderson that she was waiting on accommodation requests forms and would submit the required medical documentation immediately upon receiving them from Defendant and her medical provider.

16.     Approximately one week later, Plaintiff was issued a Performance Improvement Plan ("PIP") by Ms. Anderson.

17.     Plaintiff verbally complained to Ms. Manconi regarding the retaliatory PIP that was issued following her requests for a reasonable accommodation.  Defendant ignored Plaintiff's complaints and never addressed the unlawful conduct.

18.     On or around July 3, 2021, Plaintiff submitted her formal written request for accommodations to Defendant.

19.     Two weeks following Plaintiff's formal request for reasonable accommodations, Defendant unlawfully terminated Plaintiff's employment.

20.     Plaintiff was subjected to different terms and conditions for the duration of her

employment compared to others not within her protected class.

21.     Plaintiff met her job expectations and was able to perform the essential functions of her job, with or without a reasonable accommodation.

22.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

23.     Plaintiff is disabled as defined under the ADA and IHRA and requires a reasonable accommodation for her disability and/or perceived disability.

24.     Plaintiff requested reasonable accommodation based on her disability and/or perceived disability.

25.     Defendant failed to engage in the interactive process to determine whether a reasonable accommodation was warranted.

26.     Defendant failed to provide a reasonable accommodation and terminated Plaintiff's employment based upon her disability and/or perceived disability.

27.     Plaintiff engaged in statutorily protected activity and then was terminated in retaliation for such protected activity.

28.     There is a causal connection between the activity and the adverse job action including but not limited to the close relation in time of the protected activity and termination.

29.     The purported justification for termination was pre-text for unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

<u>**COUNT I**</u>
**Violations of the Americans with Disabilities Act ("ADA")**
**Disability Discrimination**

30.     Plaintiff re-incorporates by this reference the allegations contained in all

preceding paragraphs of this Complaint as if more fully set forth herein.

31.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

32.    Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

33.    Plaintiff is a member of a protected class under the ADA, due to her disability.

34.    As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

35.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violations of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")
### Disability Discrimination

36.    Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

37.    This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

38.    Plaintiff was and is an individual with a disability within the meaning of the IHRA at all times relevant to this lawsuit.

39.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff of the basis of her disability in violation of the IHRA.

40.     Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected rights.

41.     Defendant's acts were willful and in reckless disregard of Plaintiff's protected rights.

42.     Defendant knew, or should have known of the unlawful discrimination.

43.     Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

44.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

45.     Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions.

46.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under the IHRA.

<u>**COUNT III**</u>
**Violations of the Americans with Disabilities Act**
**Retaliation**

47.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

48.     Defendant terminated Plaintiff's employment in retaliation for engaging in a protected activity in violation of the ADA.

49.     By virtue of the conduct alleged herein, Defendant intentionally retaliated against

6

Plaintiff based on her disability, in violation of the ADA.

50.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

51.     Plaintiff is a member of a protected class under the ADA, due to her disability.

52.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

53.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violations of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")
### Retaliation

54.     Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

55.     This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

56.     Plaintiff was and is an individual with a disability within the meaning of the IHRA at all times relevant to this lawsuit.

57.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and retaliated against Plaintiff of the basis of her disability in violation of

the IHRA.

58.     Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected rights.

59.     Defendant's acts were willful and in reckless disregard of Plaintiff's protected rights.

60.     Defendant knew, or should have known of the unlawful retaliation.

61.     Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful retaliation.

62.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful retaliation.

63.     Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and retaliatory actions.

64.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under the IHRA.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.     Back pay with interest;

    b.     Payment of interest on all back pay recoverable;

    c.     Front pay;

    d.     Loss of benefits;

    e.     Compensatory and punitive damages;

8

      f.        Reasonable attorneys' fees and costs;

      g.        Award pre-judgment interest if applicable; and

      h.        Award Plaintiff any and all other such relief as the Court deems just and

proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 14th day of June, 2022.

*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*